HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOSSEIN TAVAKOLI, et al.,

    Plaintiffs,

v.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

    Defendant.

CASE NO. C11-1587RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on three motions from Defendant Allstate Property and Casualty Insurance Company ("Allstate."). Allstate filed a motion to bifurcate this case and stay portions of it (Dkt. # 12), a motion for a protective order (Dkt. # 10), and a motion to seal a document (Dkt. # 16). For the reasons stated herein, the court DENIES all three motions.

## II. MOTION TO BIFURCATE

Plaintiffs have filed a lawsuit that presents a pattern familiar to this court. They were involved in a car accident with an underinsured driver. They made a claim on the underinsured motorist ("UIM") coverage of their Allstate-issued car insurance policy. Allstate did not offer to pay as much as they wanted. They filed suit. They claim not only that Allstate breached the policy, but that Allstate is liable on a variety of

extracontractual claims, including claims for bad faith and violation of the Washington Consumer Protection Act and Insurance Fair Conduct Act.

Allstate has filed a motion that also presents a familiar pattern. It insists that that the court should take this single case and bifurcate it into two cases. The first phase, consisting of a separate discovery period and separate trial, would address only Plaintiffs' breach-of-policy claim. The second phase, which would begin only after trial in the first phase, would consist of a separate discovery period and separate trial addressing only the extracontractual claims.

The court has explained in prior orders why it will not impose the bifurcation Allstate requests. Rather than repeat its reasoning, the court will include the prior orders as electronic attachments to this one. In essence, Allstate's proposal would convert this single case into two, doubling the resources required of the parties and the court, while doing little to advance any legitimate interest of Allstate's.

The court notes, however, that it has accommodated a limited form of bifurcation in similar cases. In the sole UIM case to that has reached trial before this court, the court conducted two consecutive trials before a single jury. The court's order imposing that limited bifurcation is also included as an electronic attachment to this order. If the parties wish to use a similar procedure here, or another procedure that accommodates their needs without unnecessarily lengthening this litigation or burdening the parties and the court, the court will consider their request.

The court DENIES the parties' stipulated motion. Dkt. # 20. The court directs the clerk to electronically attach the following orders to this one:

- *Campbell v. Metropolitan Prop. & Cas. Ins. Co.* No. 09-1611RAJ (Dkt. # 17) (Jul. 19, 2010 order denying motion to bifurcate)

- *Campbell v. Metropolitan Prop. & Cas. Ins. Co.* No. 09-1611RAJ (Dkt. # 59) (Jun. 17, 2011 order setting two-phase trial)

- *Henderson v. Metropolitan Prop. & Cas. Ins. Co.* No. 09-1723RAJ (Dkt. # 33) (Jul. 19, 2010 order denying motion to bifurcate)

- *Freeman v. State Farm Mut. Automobile Ins. Co.* No. 11-761RAJ (Dkt. # 21) (Aug. 11, 2011 order denying stipulated motion to bifurcate)

### III.  MOTIONS FOR PROTECTIVE ORDER AND TO SEAL

Allstate and Plaintiffs were unsuccessful in negotiating a litigation agreement governing the exchange of "confidential" documents in discovery. Many parties successfully negotiate such agreements, which typically include a variety of restrictions on the requesting party's use of a document that the producing party deems confidential. One typical condition of such agreements is that if the requesting party wishes to use a "confidential" document to support a pleading before the court, the requesting party must file the document under seal, then require the producing party to overcome the presumption of public access to documents that this court's local rules require. Local Rules W.D. Wash. CR 5(g).

Allstate observes that some courts in this District have signed such agreements, which parties often submit as "stipulated protective orders." The practice of referring to such agreements as "protective orders" is, in this court's view, regrettable. The Federal Rules of Civil Procedure, specifically Rule 26(c), govern protective orders. Rule 26(c) is designed to address *specific* discovery disputes. Nothing in Rule 26(c) supports the notion that a party can obtain a blanket protective order that governs documents that the parties have never put before the court. Some courts have nonetheless signed such "protective orders," provided they do not conflict with the court's local rules. This court, however, has not done so. This court instead acknowledges the parties' litigation agreements, acknowledges that they are likely to make discovery more efficient, and agrees to enforce the agreement in the event that the parties have a dispute. That practice has worked well in this court.

With one exception, which the court will soon address, Allstate has not raised any specific discovery dispute. It has instead asked the court to force Plaintiffs to agree to exchange "confidential" documents in the manner that Allstate prefers. The court will not grant that request. In making this ruling, the court suggests nothing about whether

ORDER- 3

Plaintiffs acted reasonably by refusing to reach any agreement as to the exchange of potentially confidential documents. The court notes, however, that the parties have submitted more than 35 pages of briefing to address a dispute that most parties are able to resolve by agreement. This would seem to serve no one's interest.

The one specific dispute that Allstate raises is the subject of Allstate's motion to seal. Although Allstate was unable to obtain Plaintiffs' agreement on a method for exchanging confidential documents, Allstate nonetheless produced portions of Plaintiffs' claim file to them. Allstate designated these portions "confidential," and requested that Plaintiffs not use them in any court filing without placing them under seal. There is no evidence that Plaintiffs ever agreed to the request. Again, the court does not suggest that Plaintiffs' refusal to agree to a simple accommodation was reasonable. Indeed, Plaintiffs concede they had no basis for their refusal.

The dispute over the claim file excerpt is an excellent illustration of the difference between a protective order within the meaning of Rule 26(c) and the type of blanket "protective order" that Allstate hopes to obtain. If Allstate could not obtain an agreement from Plaintiffs to protect the claim file, it was Allstate's obligation to file a motion for a protective order. In that motion, Allstate would have been obligated to present evidence that the claim file was confidential, and to specify a means for protecting its confidentiality. Fed. R. Civ. P. 26(c)(G) (authorizing a protective order "requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way"). Instead, Allstate produced portions of the claim file to Plaintiffs without obtaining an agreement as to its use. Allstate did so at its own peril.

In support of its motion to seal, Allstate offered the declaration of one of its employees, a "Frontline Process Expert." She makes the remarkable assertion that the "form and content of claim file documents . . . contain trade secrets and proprietary business information that Allstate strives to maintain as confidential." Anderson Decl. (Dkt. # 17) ¶ 3. She further asserts that Allstate's "method of documenting its handling

of claims is proprietary, and maintaining the confidentiality of this method affords Allstate a business advantage over its competitors." *Id.*

Allstate's declaration falls well short of convincing the court. A party who seeks to maintain a document under seal must overcome a "strong presumption of public access to the court's files" by showing at least good cause to shield a document from public view. Local Rules W.D. Wash. CR 5(g). The court has reviewed the 12-page excerpt of Plaintiffs' claim file that is at issue. The court is at a loss to distinguish either its content or its form from the dozens of insurance claim files that have been at issue in other litigation before this court. The excerpts begin with four pages of routine recitation of Plaintiffs' policy limits and other mundane data. Allstate strains its credibility by claiming that this information is confidential. The remaining eight pages are a diary-style entry of claim notes in reverse chronological order. They summarize Allstate's actions in reviewing Plaintiffs' claim. In this sense they are indistinguishable from every other claim file the court has reviewed. If there is something about the way that Allstate prepares its claim notes that is worthy of protection, Allstate has not pointed that out to the court. The court will not maintain this document under seal.

Going forward, the court encourages the parties to cooperate to address disputes like the ones they raised here. If they are unable to do so, the court will not hesitate to impose sanctions on any party who fails to act reasonably in resolving such a dispute.

## IV. CONCLUSION

For the reasons stated above, the court DENIES all three of Allstate's motions. Dkt. ## 10, 12, 16. The clerk shall UNSEAL the document at docket number 14.

DATED this 25th day of May, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge